Nos. 14-1187 & 14-1202

**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**
_____

**Larry C. FLYNT**,
*Movant - Appellant*,

v.

**George A. LOMBARDI, et al.**,
*Defendants - Appellees.*
_____

**Larry C. FLYNT**,
*Movant - Appellant*,

v.

**George A. LOMBARDI, et al.**,
*Defendants - Appellees.*
_____

On appeal from the U.S. District Court for the Western District of Missouri
_____

**BRIEF OF AMICI CURIAE PUBLIC CITIZEN, INC., AND MISSOURI PRESS ASSOCIATION SUPPORTING APPELLANT AND REVERSAL IN BOTH APPEALS**

Jean Maneke
THE MANEKE LAW GROUP, L.C.
420 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 753-9000

Scott Michelman
Paul Alan Levy
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Amici Curiae*

March 27, 2014

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, amici curiae Public Citizen, Inc., and Missouri Press Association state that they have no parent corporations and issue no stock. Accordingly, there is no publicly held corporation that owns 10% or more of either entity's stock.

Appellate Case: 14-1187     Page: 2     Date Filed: 03/27/2014 Entry ID: 4138251

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF INTEREST AND AUTHORITY TO FILE ............................. 1

CERTIFICATE UNDER RULE 29(c)(5) .................................................. 3

SUMMARY OF ARGUMENT ................................................................. 3

ARGUMENT ....................................................................................... 5

    I.  NEARLY EVERY CIRCUIT HAS RECOGNIZED, AND NONE
        HAS DENIED, THAT THIRD-PARTY INTERVENTION IS THE
        APPROPRIATE MECHANISM TO SEEK UNSEALING OF
        COURT RECORDS. ...................................................................... 6

    II. NO LITIGATION-SPECIFIC INTEREST IS NEEDED TO
        INTERVENE TO SEEK TO UNSEAL COURT RECORDS
        BECAUSE ALL MEMBERS OF THE PUBLIC SHARE AN
        INTEREST IN OVERSIGHT OF THE COURTS. .................................... 8

CONCLUSION ................................................................................... 15

CERTIFICATE OF SERVICE ............................................................... 16

CERTIFICATE OF COMPLIANCE ....................................................... 16

Appellate Case: 14-1187     Page: 3     Date Filed: 03/27/2014 Entry ID: 4138251

## CASES

*In re Agent Orange Products Liability Litigation,*
    104 F.R.D. 559 (E.D.N.Y. 1985).......................................................................1

*In re Associated Press,*
    162 F.3d 503 (7th Cir. 1998) ......................................................................6, 7

*Beckman Industries, Inc. v. International Insurance Co.,*
    966 F.2d 470 (9th Cir. 1992) ............................................................................7

*In re Beef Industry Antitrust Litigation,*
    589 F.2d 786 (5th Cir. 1979) ............................................................................7

*Brown v. Advantage Engineering, Inc.,*
    960 F.2d 1013 (11th Cir. 1992) ..................................................................7, 11

*Brown & Williamson Tobacco Corp. v. FTC,*
    710 F.2d 1165 (6th Cir. 1983) .........................................................................5

*Cardiac Pacemakers, Inc. v. Aspen II Holding Co.,*
    No. 04-4048, 2006 WL 3043180 (D. Minn. Oct. 24, 2006)...............1, 12, 13

*Chao v. Estate of Fitzsimmons,*
    349 F. Supp. 2d 1082 (N.D. Ill. 2004)............................................................1

*Columbus-America Discovery Group v. Atlantic Mutual Insurance Co.,*
    203 F.3d 291 (4th Cir. 2000) ...........................................................................9

*Company Doe v. Public Citizen,*
    No. 12-2209 (4th Cir., argued Oct. 31, 2013) ...........................................1, 13

*Company Doe v. Tenenbaum,*
    900 F. Supp. 2d 572 (D. Md. 2012)...........................................................1, 13

*EEOC v. National Children's Center, Inc.,*
    146 F.3d 1042 (D.C. Cir. 1998)...................................................................6, 7

Appellate Case: 14-1187    Page: 4    Date Filed: 03/27/2014    Entry ID: 4138251

*FEC v. Akins*,
    524 U.S. 11 (1998)........................................................................................10

*FTC v. Standard Financial Management Corp.*,
    830 F.2d 404 (1st Cir. 1987).......................................................................10

*Globe Newspaper Co. v. Superior Court*,
    457 U.S. 596 (1982)....................................................................................11

*Hammock v. Hoffmann-LaRoche*,
    662 A.2d 546 (N.J. 1995) ......................................................................1, 13

*IDT Corp. v. eBay*,
    709 F.3d 1220 (8th Cir. 2013) ...............................................................5, 6, 9

*In re Iowa Freedom of Information Council*,
    724 F.2d 658 (8th Cir. 1983) ........................................................................6

*Joy v. North*,
    692 F.2d 880 (2d Cir. 1982) .......................................................................14

*Lugosch v. Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) .........................................................................5

*Martindell v. International Telephone & Telegraph Corp.*,
    594 F.2d 291 (2d Cir. 1979) .........................................................................7

*Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*,
    823 F.2d 159 (6th Cir. 1987) .......................................................................7

*Newman v. Graddick*,
    696 F.2d 796 (11th Cir. 1983) ......................................................................5

*Nixon v. Warner Communications, Inc.*,
    435 U.S. 589 (1978)................................................................................5, 10

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3d Cir. 1994) ...........................................................................7

iv

*Pepsico, Inc. v. Redmond*,
    46 F.3d 29 (7th Cir. 1995) ............................................................................14

*Press-Enterprise Co. v. Superior Court*,
    464 U.S. 501 (1984)......................................................................................11

*Press-Enterprise Co. v. Superior Court*,
    478 U.S. 1 (1986)..........................................................................................11

*Public Citizen v. Liggett Group, Inc.*,
    858 F.2d 775 (1st Cir. 1988)..........................................................1, 7, 11, 13

*Publicker Industries, Inc. v. Cohen*,
    733 F.2d 1059 (3d Cir. 1984) ..........................................................................5

*Republic of the Philippines v. Westinghouse*,
    949 F.2d 653 (3d Cir. 1991) ......................................................................1, 12

*Richmond Newspapers, Inc. v. Virginia*,
    448 U.S. 555 (1980)..............................................................................9, 11, 12

*Rocky Mountain Bank v. Google*,
    428 Fed. App'x 690 (9th Cir. 2011) .................................................................1

*Rushford v. New Yorker Magazine, Inc.*,
    846 F.2d 249 (4th Cir. 1988) ......................................................................5, 11

*Stone v. University of Maryland Medical System Corp.*,
    855 F.2d 178 (4th Cir. 1988) ....................................................................12, 14

*Union Oil Co. v. Leavell*,
    220 F.3d 562 (7th Cir. 2000) ......................................................................9, 14

*United Nuclear Corp. v. Cranford Insurance Co.*,
    905 F.2d 1424 (10th Cir. 1990) .......................................................................7

*United States v. Mentzos*,
    462 F.3d 830 (8th Cir. 2006) ........................................................................14

Appellate Case: 14-1187     Page: 6     Date Filed: 03/27/2014 Entry ID: 4138251

**RULES**

Fed. R. App. P. 29(a) ................................................................2

Fed. R. Civ. P. 24 ................................................................7

Appellate Case: 14-1187    Page: 7    Date Filed: 03/27/2014 Entry ID: 4138251

# STATEMENT OF INTEREST AND AUTHORITY TO FILE

Public Citizen, Inc., a non-profit advocacy organization with approximately 300,000 members and supporters nationwide, appears before Congress, administrative agencies, and the courts to advocate for consumer protections, health and safety regulations, access to the courts, and open government. Since its founding forty-three years ago, Public Citizen has been a strong advocate for broad public access to government records and proceedings. Consistent with that mission, Public Citizen's attorneys have handled numerous cases concerning the right of public access to litigation documents. *See, e.g., Company Doe v. Tenenbaum*, 900 F. Supp. 2d 572 (D. Md. 2012), *on appeal sub nom. Company Doe v. Public Citizen*, No. 12-2209 (4th Cir., argued Oct. 31, 2013); *Rocky Mtn. Bank v Google*, 428 Fed. App'x 690 (9th Cir. 2011); *Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, No. 04-4048, 2006 WL 3043180 (D. Minn. Oct. 24, 2006); *Chao v. Estate of Fitzsimmons*, 349 F. Supp. 2d 1082 (N.D. Ill. 2004); *Hammock v. Hoffmann-LaRoche*, 662 A.2d 546 (N.J. 1995); *Republic of the Philippines v. Westinghouse*, 949 F.2d 653 (3d Cir. 1991); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir. 1988); *In re Agent Orange Prods. Liab. Litig.*, 104 F.R.D. 559 (E.D.N.Y. 1985). In a number of its cases involving access to court records, Public Citizen has intervened or acted as counsel for intervenors.

1

The Missouri Press Association is a statewide organization, having as its members approximately 250 daily and weekly newspapers across the state. The membership includes both daily and weekly newspapers, publications that are rural in nature as well as urban publications. The Association, originally formed in 1867, was incorporated in 1922 as a not-for-profit corporation for the purpose of furthering efficiency and morality in the newspaper field, promoting and improving the profession of journalism, and making the profession of journalism more beneficial to the people of the State of Missouri. Since its inception, the Association has served as a spokesman on journalism activities for the people in the newspaper field in Missouri. The members of the Missouri Press Association are frequent requesters of access to court documents across the state of Missouri, as well as from other courts within this Circuit. The ability of the members of the Association to access court records will be affected by the decision of this Court in this matter. While the appellant and respondent will present to the Court their arguments in regard to the specific cases and legal authorities that relate to the matter before the Court, the Association believes it stands in the sole position of being able to argue before the Court as to the implication of this decision upon the members of the Association, as representatives of the public at large.

Amici are authorized to file this brief because they have obtained the consent of all parties. Fed. R. App. P. 29(a).

2

## CERTIFICATE UNDER RULE 29(c)(5)

Undersigned counsel hereby certify that no party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund the preparation or submission of the brief. No person, other than the amici curiae, their members, and their counsel, contributed money that was intended to fund the preparation or submission of the brief.

## SUMMARY OF ARGUMENT

Access to court records plays a critical role in an open and democratic society by enabling the public to monitor the work of the courts. The judiciary, no less than any other branch of government, must operate in a transparent manner. Accordingly, courts have recognized both a First Amendment and a common-law right of public access to court proceedings. Additionally, some litigation documents are of intrinsic public interest, beyond what they reveal about the adjudication of a particular case, because the documents relate to matters of health, safety, or public policy. The federal courts of appeals are in broad agreement that permissive intervention is the appropriate mechanism through which a non-party may seek to unseal court documents.

In this case, the district court denied intervention because "[a] generalized interest in a subject of litigation does not justify intervention." A92 (No. 14-1187); A85 (No. 14-1202). This view of intervention to seek court records is unduly

3

narrow. The right of the public to access court records would be thwarted if the scope of third-party intervention to move to unseal documents were limited to third parties with a personal stake, as opposed to a "generalized interest," in the outcome of the underlying case. Many motions to seal are not contested by the original parties to the case, so in many instances a third party's intervention is the only means by which the public will ever gain access to judicial records that have been unnecessarily sealed. But few third parties have a personal stake in the underlying outcome of the litigation; rather, the interest of parties seeking to unseal is often — as here — an interest in obtaining the documents themselves, both to understand how a case is adjudicated and to see the contents of documents that address broader public policy issues. In many instances — including many of the Supreme Court's cases recognizing and applying the right of access to court proceedings — the intervenors are media organizations that seek to report on court proceedings but have no more than a "generalized interest" in the underlying cases themselves.

This Court should therefore reverse the district court and hold that third-party intervention to move to unseal litigation documents should be granted as a matter of course whenever the moving party genuinely seeks the documents and is not filing for the purpose of delay or harassment. If the motion to unseal is not meritorious (for instance, because records are appropriately sealed as trade secrets), the motion can be denied on its merits, but this Court should keep the

4

courthouse doors open to third parties seeking to vindicate the important public right of access to court records.

## **ARGUMENT**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). Courts have recognized a right of public access to court documents that derives from either of two independent sources: the common law and the First Amendment.

As this Court has recognized, the public has a common-law right of access to judicial records in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *accord Nixon*, 435 U.S. at 597. To respect that right of access, sealing orders must be justified by a "salutary interest[]" that outweighs the interest in access, and courts must consider "reasonable alternative[s]" to sealing entire documents (such as tailored redactions). *IDT Corp.*, 709 F.3d at 1223-24.

Many courts of appeals have additionally applied First Amendment protections to civil proceedings. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *Newman v. Graddick*, 696 F.2d 796, 800-02 (11th Cir. 1983); *cf. Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178-79 (6th Cir. 1983)

5

(suggesting that rights of access to civil and criminal proceedings are coextensive). This Court has applied the First Amendment to "proceedings for contempt, a hybrid containing both civil and criminal characteristics," *In re Iowa Freedom of Information Council*, 724 F.2d 658, 661 (8th Cir. 1983), but has not decided whether the First Amendment applies to civil proceedings generally, *see IDT Corp.*, 709 F.3d at 1224 n.\*. It need not answer that question now.

When court records have been sealed, the public right to access court records (under either the common law or the First Amendment) is typically enforced through intervention for the limited purpose of moving to unseal. The district court held that such intervention was inappropriate here. For the following reasons, this Court should reverse.

## I. NEARLY EVERY CIRCUIT HAS RECOGNIZED, AND NONE HAS DENIED, THAT THIRD-PARTY INTERVENTION IS THE APPROPRIATE MECHANISM TO SEEK UNSEALING OF COURT RECORDS.

The courts of appeals are in broad agreement that permissive intervention is appropriate where a third party seeks to obtain access to judicial records. *See, e.g., In re Assoc. Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("[T]he most appropriate procedural mechanism [to enable third parties to obtain access to court proceedings and documents] is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the

6

question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979); *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979).

As the Seventh Circuit explained, providing "full protection" for the public right of access "*requires* that the issue be examined in a procedural context that affords the court an opportunity for due deliberation." *In re Assoc. Press*, 162 F.3d at 507 (emphasis added). Intervention is just such a procedural context, *see id.*; without it, the public rights of access under the First Amendment and common law will often go unrepresented. Moreover, the courts of appeals have consistently recognized that Federal Rule of Civil Procedure 24 must be interpreted flexibly in sealing disputes "because of the need for 'an effective mechanism for third-party claims of access to information generated through judicial proceedings.'" *Nat'l Children's Ctr.*, 146 F.3d at 1045 (quoting *Public Citizen*, 858 F.2d at 783).

7

For the reasons advanced by Mr. Flynt as well as the reasons that follow, this Court should, in accordance with the consensus view of the federal appellate courts, hold that permissive intervention is the appropriate means to seek unsealing of court records and apply the doctrine of permissive intervention in a manner that takes into account the special context of motions to unseal court records.

## II. NO LITIGATION-SPECIFIC INTEREST IS NEEDED TO INTERVENE TO SEEK TO UNSEAL COURT RECORDS BECAUSE ALL MEMBERS OF THE PUBLIC SHARE AN INTEREST IN OVERSIGHT OF THE COURTS.

Appellant Larry C. Flynt moved to intervene in the actions below, which concern Missouri's procedure for carrying out the death penalty, for the limited purpose of moving to unseal documents, one of which is a judicial order dismissing some claims and refusing to dismiss others. Opening Br. of Movant-Appellant in No. 14-1187 ("Opening Br.") 12. The district court summarily denied intervention to Mr. Flynt in both cases here on appeal because, in the court's view, "[a] generalized interest in a subject of litigation does not justify intervention." A92 (No. 14-1187); A85 (No. 14-1202). That proposition may be correct regarding intervention for other purposes, but it is not a proper benchmark for assessing a motion to intervene for the purpose of moving to unseal court records. Limiting intervention sought for the purpose of moving to unseal would thwart the public's right to access court records and thereby to oversee the work of the courts.

8

As the Supreme Court and this Court have recognized, the chief reason for requiring open judicial proceedings is to make possible public oversight of the courts — both their processes and the decisions they produce. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (plurality opinion) ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."); *IDT Corp.*, 709 F.3d at 1222 ("This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts." (citations and internal quotation marks omitted)). Other federal courts of appeals agree. *See, e.g.*, *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification."); *Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of such records, of course, is necessary . . . so that the public can judge the product of the courts in a

9

given case."); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("Public access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." (citation and internal quotation marks omitted)).

Because the public right of access to court records is based primarily on the interest in overseeing the work of the courts, the district court erred in denying intervention based on the generality of Mr. Flynt's interest in the subject of the litigation. Regardless of whether Mr. Flynt is personally affected by the outcome of the underlying cases, he *does* have a personal stake in the question of whether the documents remain sealed, because he has a right (at common law, at least, and perhaps also under the First Amendment) to access them. *Cf. FEC v. Akins*, 524 U.S. 11, 24 (1998) (denial of access to information to which a person is legally entitled is an injury that supports standing).

This interest is sufficient to justify Mr. Flynt's intervention. As the Supreme Court has explained, courts "generally do not condition enforcement of this right [of access to a judicial record] on a proprietary interest in the document or upon a need for it as evidence in a lawsuit." *Nixon*, 435 U.S. at 597. Although the subsequent motion to unseal may or may not be granted, *see id*. at 598 (noting that denial may be appropriate to protect, among other things, confidential business information), parties regularly are permitted to intervene to challenge sealing

10

orders where their interest is in the unsealing of the documents rather than in a particular outcome in the underlying case. Such parties include the media, *see, e.g., Rushford*, 846 F.2d at 252; litigants in separate litigation who seek sealed material to assist them in that separate litigation, *see, e.g., Brown*, 960 F.2d at 1014; and (as here) individuals or organizations who advocate on issues to which the sealed material relates, *see, e.g., Pub. Citizen*, 858 F.2d at 776. Indeed, most of the Supreme Court's access-to-court-proceedings cases have involved members of the media, who sought to access proceedings in order to report on particular cases but had no more than a "generalized interest" in the cases themselves. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 4-5 (1986); *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 503-04 (1984); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 598-99 (1982); *Richmond Newspapers*, 448 U.S. at 559, 562 (plurality opinion). The district court cited no authority holding that the right of access to judicial proceedings is limited to members of the public with a particularized or personal stake in the court records at issue.

Were a personal interest in the outcome of the underlying suit necessary, the public's right to oversee the work of the courts would often go unrepresented and unenforced, because in most cases the set of possible intervenors who have a personal stake in the outcome of the underlying suit is small. Additionally, intervention by third parties whose interest is in the documents rather than the

11

underlying case is sometimes the only check against unwarranted or overly broad sealing of court records. The parties to the case often have no incentive to move to unseal, as they have access to all the material and, therefore, a full understanding of the basis for the court's decision. Indeed, sealing often occurs in response to a motion that both parties join or neither party opposes. *See, e.g.*, *Richmond Newspapers*, 448 U.S. at 559-60, 581 (plurality opinion) (holding that trial court erred in closing a trial after one party had sought closure and the other had not objected); *Republic of the Philippines v. Westinghouse*, 949 F.2d 653, 656-57 (3d Cir. 1991) (denying stay of district court's decision granting third party's motion to unseal court records after parties agreed to seal); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180, 182 (4th Cir. 1988) (ordering district court to reconsider sealing decision after both parties had jointly sought seal); *Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, No. 04-4048, 2006 WL 3043180, at *1, *9 (D. Minn. Oct. 24, 2006) (unsealing records in part in response to third-party intervention after no party had objected to the filing of documents under seal). Accordingly, without third-party intervention as a means to challenge the sealing of documents, overly broad or unjustified sealing would go unchallenged in many cases, and as a result the public interest in access to court records would not be vindicated and public oversight of the work of the courts would be impeded.

Appellate Case: 14-1187    Page: 19    Date Filed: 03/27/2014 Entry ID: 4138251

Beyond furthering the public interest in oversight of the courts, the documents that third parties bring to light via motions to unseal are often matters of significant public interest in their own right. For instance, in furtherance of its mission, amicus Public Citizen has sought documents related to public health and safety. *See, e.g., Company Doe v. Tenenbaum*, 900 F. Supp. 2d 572 (D. Md. 2012), *on appeal sub nom. Company Doe v. Public Citizen*, No. 12-2209 (4th Cir., argued Oct. 31, 2013) (consumer product safety); *Cardiac Pacemakers*, 2006 WL 3043180 (medical devices); *Hammock v. Hoffmann-LaRoche*, 662 A.2d 546 (N.J. 1995) (drug safety); *Pub. Citizen*, 858 F.2d 775 (health risks of smoking). Here, likewise, the documents that Mr. Flynt seeks pertain to the administration of the death penalty, a subject of significant public policy debate. Constraining third-party intervention as narrowly as the district court has here would obstruct public access to court records that bear on weighty matters of health, safety, and public policy.

Finally, the fact that a judicial opinion appears to have been sealed below, *see* Opening Br. 12, underscores the usefulness of an independent third-party voice to provide adversarial presentation on the question of sealing. There is no indication from the record whether the sealing of the court's order was the subject of any debate before the district court, but the sealing of judicial opinions is a dramatic departure from our tradition of open government. As this Court has

13

recognized, "the decisions of the court are a matter of public record." *United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (denying motion in criminal case to file opinion under seal). The presumptive availability of judicial opinions follows from the role of the judicial opinion as an act of government that declares the law and decides a concrete case. *See Union Oil*, 220 F.3d at 568 ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) (Easterbrook, J., as motions judge) ("Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them."); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny."). Even the practice of releasing opinions with significant redactions has been criticized as yielding a product "so cryptic and unrevealing in its rationale as to be rightly suspect — whatever its result." *Stone*, 855 F.2d at 182.

In sum, third-party intervenors like Mr. Flynt, Public Citizen, and the hundreds of daily and weekly newspapers in the Missouri Press Association play a crucial role in safeguarding the public's ability to oversee the work of the courts. Restricting that role to third parties who can demonstrate something greater than a "generalized interest" in the outcome of the underlying case would result in insufficient protections for the public's right of access to court records.

14

For these reasons, amici urge the court to reverse the denial of intervention so that Mr. Flynt's arguments to unseal the judicial records in these cases may be heard on the merits.

## <u>CONCLUSION</u>

The district court's denial of intervention in both cases should be reversed.

Dated:  March 27, 2014

Respectfully submitted,

Scott Michelman

/s/ Paul Alan Levy
Paul Alan Levy
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Jean Maneke
THE MANEKE LAW GROUP, L.C.
420 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 753-9000

*Counsel for Amici Curiae*

15

## CERTIFICATE OF SERVICE

I certify that on March 27, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Paul Alan Levy

## CERTIFICATE OF COMPLIANCE

I certify that this brief has been scanned for viruses and is virus-free.

/s/ Paul Alan Levy